AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Oregon

Eugene Division

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>792 Barrett Avenue, Eugene, OR, a 1997 Honda Passport, and the person of Eamonn Isaiah Martinez-Wenzl, as described in Attachment A | ) ) ) ) ) ) Case No.  6:18-mc- 575 |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____Oregon_____
*(identify the person or describe the property to be searched and give its location):*

792 Barrett Avenue, Eugene, OR, a 1997 Honda Passport, and the person of Eamonn Isaiah Martinez-Wenzl, as described in Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

The information and items set forth in Attachment B hereto.

**YOU ARE COMMANDED** to execute this warrant on or before ___July 17, 2018___ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ___Jolie A. Russo, United States Magistrate Judge___.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   _July 3, 2018 4:29 p.m._   _____

City and state:   Portland, Oregon   John V. Acosta, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: 6:18-mc-575 | Date and time warrant executed: 7/16/18, appox 7:00 p.m | Copy of warrant and inventory left with: Inside Residence, 792 Barrett Ave |
| Inventory made in the presence of: No one. | | |
| Inventory of the property taken and name of any person(s) seized: | | |

\* Please see attached list of items

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 7/18/18

Jawda Russo
U.S. Magistrate Judge

*Executing officer's signature*

Miguel A. Perez, Special Agent
*Printed name and title*

## ATTACHMENT A

### Premises, Person, and Vehicles to Be Searched

**1. Premises: 792 Barrett Avenue, Eugene, Oregon 97404**

The property to be searched is 792 Barrett Avenue, Eugene, Oregon 97404, further described as a single family home yellow/tan in color, with a brown roof, and with several large trees in the front yard. Below is a photograph of the premises.



Attachment A                                                                USAO Version Rev. July 2015

2. **Vehicle: 1997 Honda Passport**

The vehicle to be search is a 1997 Honda Passport with Oregon license plate 242CQF, further described as an SUV dark grey in color, with a cargo box on top, and a spare tire attached to the tailgate. Below is a photograph of the vehicle.



**Attachment A**  　　　　　　　　　　　　　　　　　　　　　**USAO Version Rev. July 2015**

3. **Person: Eamonn Isaiah Martinez-Wenzl**

The person to be search is Eamonn Isaiah Martinez-Wenzl, DOB 8/20/1981, who stands approximately 5'11" and weighs approximately 220 pounds. Below is a photograph of Eamonn Isaiah Martinez-Wenzl.



Attachment A                                            USAO Version Rev. July 2015

## ATTACHMENT B

### Items to Be Seized

The items to be searched for, seized, and examined, are those items on the premises, vehicle, and person identified in Attachment A, that contain evidence, contraband, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2113(a) (Bank Robbery). The items to be seized cover the period of March 1, 2018, through the date of the execution of the search warrant.

1. The items referenced above to be searched for, seized, and examined are as follows:

    a. Clothing to include baseball caps, skull caps, sunglasses, shirts, sweaters, blue jeans, and shoes;

    b. Over the shoulder satchel bags;

    c. Banking deposit bags;

    d. Any "fake" beard(s) and items used in the application of the beard(s);

    e. Any phones or electronic devices;

    f. Any receipts for purchases which may indicate dates and times of purchase and method of payment used;

    g. Any currency;

    h. Papers, records, documents, files, notes, memos, mail, or other materials representing residency, ownership, occupancy, dominion, or control of the premises referenced above and described in Attachment A;

    i. Papers, records, documents, files, notes, memos, mail, or other materials

representing residency, ownership, occupancy, dominion, or control of the vehicle referenced above and described in Attachment A; and

j. Books, records, receipts, notes, ledgers, and other documents relating to bank institutions.

2. As used in this attachment, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

3. For any computer or storage medium whose seizure is otherwise authorized by this warrant and any computer, storage medium, or digital device that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter "Computer"):

a. Evidence of who used, owned, or controlled the Computer at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs,

and correspondence.

  b. Evidence of software that would allow others to control the Computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software.

  c. Evidence of the lack of such malicious software.

  d. Evidence indicating how and when the Computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime under investigation and to the Computer user.

  e. Evidence indicating the Computer user's state of mind as it relates to the crime under investigation.

  f. Evidence of the attachment to the Computer of other storage devices or similar containers for electronic evidence.

  g. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Computer.

  h. Evidence of the times the Computer was used.

  i. Passwords, encryption keys, and other access devices that may be necessary to access the Computer.

  j. Documentation and manuals that may be necessary to access the Computer or to conduct a forensic examination of the Computer.

  k. Records of or information about Internet Protocol addresses used by the Computer.

  l. Records of or information about the Computer's Internet activity,

including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    m.    Contextual information necessary to understand the evidence described in this attachment.

### Search Procedure

4.    The search for data capable of being read, stored, or interpreted by a computer or storage device, may require authorities to employ techniques, including imaging any computer or storage media and computer-assisted scans and searches of the computers and storage media, that might expose many parts of the computer to human inspection in order to determine whether it constitutes evidence as described by the warrant.

5.    The initial examination of the computer and storage media will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

6.    If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the computer and storage media do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to

examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

7. If an examination is conducted, and the computer and storage media do not contain any data falling within the ambit of the warrant, the government will return the computer and storage media to its owner within a reasonable period of time following the search and will seal any image of the computer and storage media, absent further authorization from the Court.

8. The government may retain the computer and storage media as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the computer and storage media and/or the data contained therein.

9. The government will retain a forensic image of the computer and storage media for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: PD-2948870

On (date): 7/16/18 @ 9:00 pm

item(s) listed below were:
- [ ] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

general

(Name) _____

(Street Address) 792 Barrett Ave

(City) Eugene OR 97404

Description of Item(s):

18) Red & black plaid shirt
19) Black satchel
20) Black Sony headphones
21) Blue & grey plaid shirt
22) Money order receipts
23) pair of Danner shoes - grey
24) pair of Adidas - grey
25) one single grey adidas
26) Light brown jacket
27) LG cell phone, black w/ metallic back
28) Black V2 sunglasses

No additional Items

Received By: _____(Signature)_____     Received From: _____ (Signature)

Printed Name/Title: SA Miguel A. Perez     Printed Name/Title: _____

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: __PD-2948870 +__  General

On (date) __7/16/18__  item(s) listed below were:
@ __9:00 pm__  
☒ Collected/Seized  
☐ Received From  
☐ Returned To  
☐ Released To  

(Name) _____

(Street Address) __792 Barrett Ave__

(City) __Eugene OR 97404__

Description of Item(s):

1) Tan & white plaid shirt
2) Brown LA dodgers baseball cap
3) Pacific Continental Bank bag
4) US Bank check with note written, signed "Bank Robber"
5) Black padded computer bag
6) Rifle
7) 5 shotgun shells
8) Pair of Adidas tennis shoes
9) Purple beanie hat
10) Chinook Boots
11) Pendleton plaid shirt
12) Black Pants
13) Bank bag from front porch
14) Brown pants
15) grocery store flyer
16) Note
17) Trek Mountain bike SN TBT-0407/C45FR923

Received By: __Miguel A. Perez__ (Signature)  
Printed Name/Title: __SA Miguel A. Perez__

Received From: _____ (Signature)  
Printed Name/Title: _____

FD-597 (Rev. 4-13-2015)

Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Drugs

Case ID: PO-294 8870 +

On (date) 7/16/18

@ 9:00 pm

item(s) listed below were:
- [x] Collected/Seized
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name): 

(Street Address): 792 Barrett Ave.

(City): Eugene OR 97404

Description of Item(s):

D1) 6 bags of Marijuana
D2) Spoon w/ residue + tramadol pill bottle w/ residue
D3) Marijuana glass pipe

No additional Items

Received By: Miguel A. Perez (Signature)

Received From: _____ (Signature)

Printed Name/Title: SA Miguel A. Perez

Printed Name/Title: _____

FD-597 (Rev. 4-13-2015)

Page 1 of 1

# UNITED STATES DEPARTMENT OF JUSTICE
## FEDERAL BUREAU OF INVESTIGATION
### Receipt for Property

Case ID: _____

On (date) 7/16/2018 @ 1856

item(s) listed below were:
- [X] Collected/Seized - upon arrest
- [ ] Received From
- [ ] Returned To
- [ ] Released To

(Name) Eamonn Isaiah Martinez-Wenzl

(Street Address) 729 Barrett

(City) Eugene, OR 97404

Description of Item(s): One pair Oakley Black sunglasses
One citizen silver watch with Blue face
two Brown elastic hair bands
one bobby pin

No more items

Received By: _____ (Signature)

Printed Name/Title: S.A. Timothy W. Suttles

Received From: _____ (Signature)

Printed Name/Title: _____

EAMONN MARTINE